[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION FOR ORDER OF COMPLIANCE FOR FAILURE TO COMPLY WITH DISCOVERY
Defendant The Beaver Dam Association of Stratford, Inc. filed a motion on November 8, 2001, seeking an order requiring the plaintiff, Gill Gilbert, to comply with three sets of interrogatories and requests for production. The movant did not claim this motion for adjudication until CT Page 8116 May 31, 2002, when it filed a request for adjudication. Trial is scheduled to commence on October 30, 2002. The motion seeks an order of compliance as to three sets of interrogatories. It is useful to rule on each in turn:
1. Defendant's First Set of Interrogatories and Requests forProduction, dated February 24, 2001.
The plaintiff acknowledges that a judge assigned to the Superior Court in Bridgeport while this case was pending there overruled its objections to this discovery. In response to the present motion for compliance, the plaintiff has belatedly sought reconsideration of that court's order, which was entered on September 17, 2001. This court finds that the order to comply with the discovery order is the law of the case and that the efficient management of this case and the need to have it proceed to trial in timely fashion would not be served by re-adjudicating a discovery issue that the plaintiff has not pursued over a period of almost nine months. The plaintiff shall respond to this discovery motion by July 12, 2002.
2. Defendant's Second Set of Interrogatories and Requests forProduction, dated May 21, 2001.
The defendant claims that the plaintiffs response to certain items was unresponsive. The movant has not attached the interrogatories and the responses to its motion, but has referred the court to a letter that lists the numbers of those items to which the response is claimed to be inadequate. The court has no way of judging whether the response is or is not adequate without seeing the question and the response. The motion is denied without prejudice to a clear presentation of the issue.
3. Defendant's Third Set of Interrogatories and Requests forProduction, dated August 10, 2001.
The defendant does not set forth in its motion the claimed noncompliance but refers the court to an attachment, a letter dated September 11, 2001. In that letter, counsel for the defendant claimed that the plaintiff had baselessly objected that questions 2, 3, 5, 6, and 8 requested information subject to the attorney-client privilege. All of these questions are aimed at determining whether the plaintiff is the real party in interest or whether the suit is in reality a subrogation suit brought by a title insurer. The questions do not seek the substance of any communication between attorney and client.
Not every communication between attorney and client falls within the attorney-client privilege; rather, the privilege protects only such CT Page 8117 information from the client that is necessary to obtain informed legal advice. Ullmann v. State, 230 Conn. 698, 713 (1994). The privilege protects a lawyer's communication to the client only if the substance of that communication directly or indirectly reveals confidential information disclosed to the attorney by the client or if the attorney's statement is "inextricably linked" with the giving of legal advice.Ullmann v. State, supra, 230 Conn. 713-14.; Olson v. Accessory Controls Equipment Corp., 254 Conn. 145, 157 (2000). Where the nature of a communication is not patently discernible from the face of the discovery request, as here, the burden of establishing immunity from discovery rests with the party asserting the privilege. That burden is discharged by the presentation of evidence in the form of testimony or affidavit.Babcock v. Bridgeport Hospital, 251 Conn. 790, 847-48 (1999).
The content of the listed interrogatories does not request privileged communication as that term is properly understood, and the plaintiff has not supported its claim of privilege by affidavit.
The court overrules the plaintiffs objections to interrogatories 2, 3, 4, 6, and 8 and orders him to respond by July 12, 2002.
So ordered.
 ___________________________ Beverly J. Hodgson Date Judge of the Superior Court